IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIUS L. IVY,

                    Plaintiff,

        v.                                                    OPINION & ORDER

CATHY A. JESS, JOHN PAQUIN, MARK HEISE,                       16-cv-825-jdp
K. BUSKE, BRUCE SIEDSCHLAG, R. BARTEL, and
MS. RYAN,

                    Defendants.

---

Pro se plaintiff Julius L. Ivy, an inmate incarcerated at the Fox Lake Correctional Institution, brings this civil complaint under 42 U.S.C. § 1983 alleging that various prison officials are unconstitutionally depriving him of opportunities to participate in programs that could earn him early release. Ivy has paid the initial partial filing fee for this action as ordered by the court.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the complaint with this principle in mind, I conclude that Ivy has failed to state a claim against defendants. But I will give Ivy an opportunity to file an amended complaint that more clearly explains the basis for his claims and the individual defendants' roles in the events underlying this suit.

ALLEGATIONS OF FACT

I draw the following facts from Ivy's complaint. Dkt. 1.

Plaintiff Julius L. Ivy is a prisoner at the Fox Lake Correctional Institution. Ivy wishes to participate in the Challenge Incarceration Program or Earned Release Program, two early release programs that can reduce the period of incarceration for certain prisoners. The Program Review Committee has blocked Ivy from participating in these programs because of his sentence structure. By this, I take Ivy to mean the length of his term of incarceration.

ANALYSIS

Ivy purports to bring Fourth and Fourteenth amendment claims against defendants pursuant to 42 U.S.C. § 1983. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Ivy's complaint does not comply with Rule 8 in two ways: First, Ivy's complaint fails to allege sufficient facts to state a claim against any defendant because he does not explain how any of the named defendants were personally involved in the events underlying this suit. Second, as discussed in greater detail below, it is not clear how the decision to keep Ivy out of the early release programs would violate Ivy's rights or any federal law. I will give Ivy an opportunity to amend his complaint to allege facts that do state a claim. If he chooses to amend his complaint, he must file an entirely new complaint that replaces his original complaint. Before amending his complaint, he should carefully read the explanation below, which outlines the problems in his complaint. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should explain the specific actions each defendant took that he believes violated his rights. Ivy need not cite

2

specific laws; he need only describe what each named defendant did and how it violated his rights.

I interpret Ivy's complaint as attempting to bring a Fourteenth Amendment equal protection claim against defendants for barring him from participating in programs that could earn him early release from prison. The purpose of the equal protection clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (quoting *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445 (1923)). To state a claim under the equal protection clause, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* The problem for Ivy is that he does not explain how defendants' determination that he is ineligible for early release programs is intentional and arbitrary discrimination. The state may rationally consider the length of a prisoner's sentence, a measure of how serious the state considers his crime to be, when determining eligibility for participation in programs that may allow an opportunity for early release from prison. Ivy has not stated a claim for relief under the equal protection clause.

Ivy also contends that defendants' actions violate the Fourth Amendment, which concerns searches and seizures. But Ivy does not provide any explanation of how the Fourth Amendment could apply to his claims and I can think of none, so I will deny him leave to proceed on a claim under this theory.

Finally, Ivy also contends that defendants' actions violate Wisconsin state law. A complaint under state law only does not establish federal jurisdiction unless Ivy can establish diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the

amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. Ivy does not allege that he and defendants are citizens of different states. This court may exercise supplemental jurisdiction over state law claims that are "so related" to a plaintiff's federal law claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). But Ivy has not yet stated a claim for relief under federal law, so for now at least I must deny him leave to proceed on any potential state law claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Julius L. Ivy's Fourth Amendment claim is DISMISSED for failure to state a claim upon which relief can be granted.

2. The remaining claims in Ivy's complaint, Dkt. 1, are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until February 1, 2017, to file an amended complaint that provides a short and plain statement of a claim against defendants. If plaintiff submits an amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to prosecute.

Entered January 11, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge