IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIUS L. IVY,

                Plaintiff,

v.                                                  OPINION & ORDER

MARK HEISE, K. BUSKE, BRUCE SIEDSCHLAG,       16-cv-825-jdp
REBECCA BARTEL, and KAREN BELLILE,

                Defendants.

---

      Pro se plaintiff Julius L. Ivy, an inmate incarcerated at the Fox Lake Correctional Institution, brings this civil complaint under 42 U.S.C. § 1983 alleging that various prison officials are unconstitutionally depriving him of opportunities to participate in programs that could earn him early release. In a January 11, 2017 order, I reviewed his complaint and concluded that it did not meet the pleading requirements of Federal Rule of Civil Procedure 8. Dkt. 6. I offered Ivy an opportunity to file an amended complaint clarifying the individual defendants' roles in the events underlying the suit and explain how the decision to keep Ivy out of early release programs would violate his constitutional rights or any federal law. Ivy has filed an amended complaint. Dkt. 7.

      The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the complaint with this principle in mind, I conclude that Ivy fails to state a claim against

defendants, but I will allow him one final opportunity to file an amended complaint that explains the individual defendants' roles in the alleged constitutional deprivation.

## ALLEGATIONS OF FACT

I draw the following facts from Ivy's complaint and amended complaint.

Plaintiff Julius L. Ivy is a prisoner at the Fox Lake Correctional Institution. When sentencing him to a period of incarceration, the trial court ordered that Ivy was eligible for the Challenge Incarceration Program or Earned Release Program, two early release programs that can reduce the period of incarceration for certain prisoners. Ivy wishes to participate in these programs, but defendants Mark Heise, Kari Buske, Bruce Siedschlag, Rebecca Bartel, and Karen Bellile "acted in concert" to "maliciously, capriciously, and arbitrarily" block him from participating in these programs. Dkt. 7.

## ANALYSIS

Ivy does not contend that he has any established legal entitlement to participate in the early release programs. Given the allegations of malicious, capricious and arbitrary conduct, Ivy's amended complaint is best understood as a class-of-one equal protection claim under the Fourteenth Amendment. The purpose of the equal protection clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 611 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). An ordinary equal protection claim alleges that the plaintiff has been denied equal treatment because of his membership in an "identifiable group." *Id.* at 601.

Ivy does not allege that he is a member of such a group. So I take him to attempt to bring a class-of-one equal protection claim. The required elements of such claims are not entirely clear, as explained in *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 891 (7th Cir. 2012) (affirming dismissal of a class-of-one claim by an evenly divided court). At a minimum, a class-of-one claim would require Ivy to allege that defendants intentionally treated him differently from others similarly situated and that there is no rational basis for the difference in treatment. It is an open question whether Ivy must also show that the differential treatment was not merely arbitrary, but motivated by an improper purpose. *See id.* at 893, 899 (Posner, J., plurality opinion); *id.* at 917 (Wood, J., dissenting). If the decision to allow Ivy to participate in an early release program is a discretionary one, he must allege that defendants possessed an improper purpose, or "something like animus, or the lack of justification based on public duties for singling out the plaintiff." *Id.* at 914 (Wood, J., dissenting). Even if the decision is not a discretionary one, Ivy may need to allege that defendants intended to treat Ivy "differently from other persons for reasons of a personal character, that is, reasons not grounded in his public duties." *Id.* at 893 (Posner, J., plurality opinion); *see also Brunson v. Murray*, 843 F.3d 698, 708 (7th Cir. 2016) ("'[S]omething other than the normal rational-basis test applies to class-of-one claims [challenging non-discretionary acts],' even if that something has not been clearly delineated." (quoting *Del Marcelle*, 680 F.3d at 900 (Easterbrook, C.J., concurring)) (citation omitted)).

Even if I assume that the decision to allow Ivy to participate in an early release program is not discretionary, Ivy's complaint does not contain enough factual allegations to determine whether he can state a class-of-one claim against defendants, because he has not explained how each defendant was "personally responsible for the constitutional

3

deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Ivy alleges that each defendant is an employee of the Wisconsin Department of Corrections, but he does not say what role they played in denying him access to early release programs. Because I do not have even these basic facts, I cannot tell whether each defendant actually did anything to keep Ivy out of the programs. Nor can I tell why Ivy thinks they did so "maliciously, capriciously, and arbitrarily." Ivy has to give me enough of the story to show that it is at least plausible that defendants kept him out of these programs for an improper purpose or for no reason whatsoever. I will give Ivy one final opportunity to amend his complaint to explain how the individual defendants denied his participation in the early release programs, and why Ivy believes they did so "maliciously, capriciously, and arbitrarily."

If Ivy chooses to amend his complaint, he must file an entirely new complaint that replaces his first amended complaint. Ivy need not cite specific laws; he need only describe what each named defendant did and how it violated his rights.

ORDER

IT IS ORDERED that:

1. Plaintiff Julius L. Ivy's amended complaint, Dkt. 7, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until March 22, 2017, to file an amended complaint that provides a short and plain statement of a claim against defendants. If plaintiff submits an amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to prosecute.

Entered March 1, 2017.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge