IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIUS L. IVY,

                Plaintiff,

v.                                                  OPINION & ORDER

MARK HEISE, K. BUSKE, BRUCE SIEDSCHLAG,          16-cv-825-jdp
REBECCA BARTEL, and KAREN BELLILE,

                Defendants.

---

Pro se plaintiff Julius L. Ivy, an inmate incarcerated at the Fox Lake Correctional Institution, brings this civil complaint under 42 U.S.C. § 1983 alleging that various prison officials are unconstitutionally depriving him of opportunities to participate in programs that could earn him early release. In a January 11, 2017 order, I reviewed his complaint and concluded that it did not meet the pleading requirements of Federal Rule of Civil Procedure 8, but I offered him an opportunity to file an amended complaint. Dkt. 6. Ivy did so. Dkt. 7. I reviewed his amended complaint and concluded that it still did not meet Rule 8's requirements. Dkt. 8. I offered Ivy one final opportunity to amend his complaint to explain how the individual defendants denied his participation in early release programs. Ivy has filed a second amended complaint. Dkt. 9.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the

complaint with this principle in mind, I conclude that Ivy still fails to state a claim against defendants, so I will dismiss his lawsuit.

ALLEGATIONS OF FACT

I draw the following facts from Ivy's complaint, amended complaint, and second amended complaint.

Plaintiff Julius L. Ivy is a prisoner at the Fox Lake Correctional Institution (FLCI). When sentencing him to a period of incarceration, the trial court ordered that, after Ivy completed certain requirements, he would be eligible for the Challenge Incarceration Program or Earned Release Program, two early release programs that can reduce the period of incarceration for certain prisoners. In 2013, Ivy completed the requirements set by the trial court and now wishes to participate in these programs.

During each annual review for program placement, Ivy asks defendant Rebecca Bartel, a social worker at FLCI, to recommend him for placement in either of these programs. She has refused to make the "discretionary recommendation." Dkt. 9, at 2. Ivy also asks defendant Bruce Siedschlag, the program director, and defendant Kari Buske, the classification specialist, to place him in an early release program, but they have denied him each time.

Bartel, Siedschlag, and Buske refuse to place Ivy in an early release program because of a Department of Corrections policy providing that inmates may only enter early release programs when they have no more than 36 months of incarceration remaining to be served. Ivy complained to defendant Mark Heise about this policy, which he alleges is unfair and discriminatory.

ANALYSIS

As I explained in my previous orders, Ivy's complaint is best interpreted as attempting to bring a class-of-one equal protection claim. The purpose of the equal protection clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 611 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). At a minimum, a class-of-one claim would require Ivy to allege that defendants intentionally treated him differently from others similarly situated and that there is no rational basis for the difference in treatment. *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 891 (7th Cir. 2012). Ivy alleges that the decision to recommend an inmate for placement in an early release program is a discretionary one, so he must also allege that the differential treatment was not merely arbitrary, but motivated by an improper purpose or "something like animus, or the lack of justification based on public duties for singling out the plaintiff." *Id.* at 914 (Wood, J., dissenting); *see also id.* at 893, 899 (Posner, J., plurality opinion).

Here, Ivy's allegations make clear that there *is* a rational basis for defendants' refusal to recommend Ivy for placement in an early release program: the policy providing that inmates may only enter early release programs when they have no more than 36 months of incarceration remaining to be served. Ivy complains that this policy is unfair because "a man serving a sentence of four years of incarceration will only have to complete 25% of his sentence before he is placed into the programs for early release whereas a man serving a sentence of 20 years of incarceration will automatically have to serve 85% of his time." Dkt. 9, at 2. But that is the point: the early release program policy ensures that an inmate who has been sentenced to a longer term of incarceration will actually be incarcerated for

most, if not all, of that term. As I explained in my January 11 order, "The state may rationally consider the length of a prisoner's sentence, a measure of how serious the state considers his crime to be, when determining eligibility for participation in programs that may allow an opportunity for early release from prison." Dkt. 6, at 3. Ivy fails to state a class-of-one claim.

Ivy does not state a claim under any other federal law or constitutional provision, either. There is no constitutional right to early release programming. *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) Prisoners like Ivy may have a liberty interest in early release once they have completed an early release program, but "there [is] no liberty interest in the participation of such programs." *Id.* at 572.

Because Ivy fails to state a claim upon which relief may be granted, I must dismiss his lawsuit and assess him a "strike" under 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

ORDER

IT IS ORDERED that:

1. Plaintiff Julius L. Ivy's amended complaint, Dkt. 9, is DISMISSED for failure to state a claim.

2. The clerk of court is directed to close this case and assess plaintiff a strike under 28 U.S.C. § 1915(g).

Entered April 17, 2017.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge